## Coleman *versus* Smith.

Where a foreign notarial certificate recited, that the notary had served the protest on the acceptor in his own name, *and as agent of the drawer*, such certificate is no evidence of the agency, in an'action against the drawer.

Error to the District Court of *Philadelphia*.

This was an action of *assumpsit*, brought by Coleman, Hutton & Co. against Frank Smith, on the following bill or draft:—

Rio Janeiro, 20th of March, 1850.—Rs. 9,360 $000, at four months precisely from this date, you will pay by this sole of exchange, to me or to my order, the amount of nine contos, three hundred and sixty milreis, in paper currency, value received per "American barque Lydia Ann," and the day it is due you will effect the payment.        Frank Smith.

   *To Mr. Joshua M. Clapp, Rio Janeiro.*

   (Across the bill), Accepted, Joshua M. Clapp.

   (On the back of the bill),        Rs. 5000

                               N. 327—paid        milreis.

        Rio, 23d of March, 1850.

                                              Castro.

           Frank Smith.

           Coleman, Hutton & Co.

The defendant filed an affidavit of defence, in which he alleged that the draft was signed by him without having received any consideration for it, and that he was induced to do so by the fraudulent misrepresentations and concealments of the plaintiffs, and that he received no notice of the dishonour of the draft for more than a year after its maturity.

At the trial of the cause, the plaintiffs gave in evidence the draft and the following, which is a translation of the protest :—

" Having been presented to me the annexed bill, by Messrs. Coleman, Hutton & Co., they asked me to have it protested, therefore, I gave notice to the acceptor and paying party, Joshua M. Clapp, to effect the payment thereof for his own account, and for the account of the drawer, Frank Smith, which bill was due and presented, and he gave no answer to the written notice which was sent to him; which I do hereby certify.

                    Signed, Joaquim Jose De Castro.

" Rio De Janeiro, 22d of July, 1850."

" On the day, month, and year above stated, appeared before me, the above-named bearers of the annexed bill and declared that in default of payment and of any answer, they do protest against the acceptor and paying party, Joshua M. Clapp, and the drawer, Frank Smith, and against whomsoever it may concern, for the amount of nine contos and three hundred and sixty milreis, as

[Coleman *v.* Smith.]

per said bill, besides all costs, damages, losses and interests as customary between merchants, for the form and regularity they have hereunto set their hands.

Signed, COLEMAN, HUTTON & Co.

"I hereby certify that the foregoing protest has been served by me on Joshua M. Clapp, in his own name and as agent of the drawer, Frank Smith.          Rio Janeiro, 22d July, 1850.

Rs. 10 $300 P b 55.

Signed, JOAQUIM JOSE DE CASTRO."

The plaintiff also read in evidence the defendants' affidavit of defence.

The court below being of opinion that there was no evidence of notice of dishonour of the bill to Smith, and none of the agency of Clapp, directed a nonsuit. The plaintiff tendered a bill of exceptions, which was sealed, and the cause removed to this court by writ of error.

*H. Hubbell*, for plaintiff in error.—This case is clearly within the Act of 14th December, 1854, *P. L.* 754. No seal is necessary to a notarial protest: *Sto. on Bills* 195, 299. Notice of non-payment to the agent was sufficient: *Chitty on Bills*, 8th ed. 361, 521, 529, 503. The protest proves this was done. The bill being payable and protested out of this country, the dishonour of the bill is proved by the production of the protest, without proof of signature or seal: *Ch. on Bills* 361, 489, 490, 642, and note; 20 *Wend.* 85; 3 *Kent. Com.* 93. The notice is sufficiently precise when it puts the party on inquiry: *Id.* 501–2, 506 a, 502; *Act 5th April*, 1849; 2 *Peters* 121. The question of notice should have been left to the jury: 2 *J. C.* 256, 337; 8 *J. R.* 173; 11 *J. R.* 187. If there was a spark of evidence it should have been left to the jury: 10 *Watts* 397.

*Ch. Gibbons*, for defendant in error.—The plaintiffs, by reading the affidavit of defence, proved that they had obtained the bill from the defendant by fraud—that he received no consideration for it—and that he had no notice of its non-payment. On the question of fraud and consideration they offered no further evidence.

The Act of Assembly of Dec. 14, 1854, on which they rely, is not applicable in the case. Wherever the contract is sought to be enforced, it must be regulated and interpreted according to the law of the country in which it was made.

It is not a foreign bill, and therefore a notarial certificate of protest would only be evidence of the protest and nothing more: Etting *v.* Schuylkill Bank, 2 *Barr* 356; Lloyd *v.* McGarr, 3 *Barr* 482. It is not evidence of notice.

But if the Act of 1854 embraces the whole world, the paper in

[Coleman v. Smith.]

evidence does not fall within it. It declares that the *official acts*, &c., of notaries public, *certified according to law, under their respective hands and seals of office*, &c., "may be received and read in evidence as proof of the facts therein stated," &c. It happens that this paper is without a seal, and does not even purport to be signed by a notary.

The opinion of the court was delivered by

WOODWARD, J.—As drawer and endorser of the protested bill, the defendant was entitled to notice of ·its dishonour by the acceptor; and in his affidavit of defence given in evidence against him by the plaintiffs, he swears that he had no notice of it, and never heard of it from any source for more than a year after its maturity. The only evidence relied on by the plaintiffs to affect him with notice, was the certificate of the notary at Rio de Janeiro that he had served the protest on Joshua M. Clapp (the acceptor), in his own name and *as agent of the drawer, Frank Smith*. The utmost effect that can be claimed for this certificate is, that it proved notice to the party named; but it is not the slightest evidence of the agency of that party for the defendant. No statute and no rule of the law merchant makes a notarial certificate evidence of such a fact. It was susceptible of competent proof, but none was offered; and the court were right, therefore, in nonsuiting the plaintiffs.

There are sixteen errors assigned upon the record, but these observations answer them all sufficiently.

The judgment is affirmed.